IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Michael Jones

Plaintiff,

v. Civil Action No. _____

**Detective James Watkins**, individually and in his official capacity;

**Baltimore Police Department;**

**Siobhone Smith;**

**The City of Baltimore;**

**Baltimore City Police Commissioner Richard Worley** (in his official capacity);

**Mayor of the City of Baltimore Brandon Scott** (in his official capacity)

**Defendants.**



\* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

(False Arrest – Civil Rights Violations – Racial Discrimination – Due Process – Negligent Supervision – Consent Decree Violations)

**JURY TRIAL DEMANDED**

### INTRODUCTION

1. This is a civil action for damages arising from the false arrest, racial discrimination, unlawful detention, injury in police custody, and civil rights violations suffered by Plaintiff, **Michael Jones,** as a direct result of the false and slanderous allegations made by **Siobhone Smith** and the unconstitutional and unlawful conduct of **Detective James Watkins** of the **Baltimore Police Department** ("BPD"), acting under color of state law.

HD                                                    1

Rcv'd by: _AR_

2. Plaintiff also alleges the existence of a widespread custom, policy, and practice within BPD—including violations of the federally mandated Consent Decree—which permits and encouraging misconduct, discriminatory policing, and investigative failures.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983, and the Fourth, Fifth, and Fourteenth Amendments which includes due Process Clause which prevents states from depriving any person of life, liberty, or property without due process of law and the Equal Protection Clause which Prohibits states from denying any person within their jurisdiction the equal protection of the laws.

4. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b), as the events giving rise to these claims occurred within Baltimore City, Maryland.

## PARTIES

6. **Plaintiff**, Michael Jones, is an adult African-American resident of Baltimore Metropolitan Maryland.

7. **Defendant, Siobhone Smith** is an adult African-American resident of Baltimore City Maryland.

8. **Defendant, James Watkins** is, and at all relevant times was, a sworn police Detective employed by the Baltimore Police Department, acting under color of law. He is sued in both his individual and official capacities.

9. **Defendant, Baltimore Police Department (BPD)** is a municipal law enforcement agency governed by and funded by **Defendant City of Baltimore**, and is subject to a federal Consent Decree imposed by the U.S. Department of Justice.

10. **Defendant, City of Baltimore** is a municipal corporation responsible for the policies, practices, supervision, training, and discipline of BPD officers, including Detective Watkins.

11. **Defendant, Baltimore City Police Commissioner Richard Worley,** who is appointed by the Mayor with City Council confirmation. This role entails overseeing all departmental operations, including strategy, policy, this role includes discipline including the supervision of Detective Watkins.

12. **Defendant, Brandon Scott, Mayor of the City of Baltimore,** the Mayor of Baltimore City is the chief executive and head of the city's government, with responsibilities that include leading the city's administration, setting policy, and representing Baltimore both locally and nationally. The Mayor oversees the implementation of city council policies, manages the city budget, and appoints members to various boards and commissions including commissioner of the Baltimore City Police Department.

**FACTUAL ALLEGATIONS**

10. On or about 5/14/2025, Plaintiff was wrongfully detained, and arrested by Baltimore City Police, at the direction of Detective Watkins without probable cause, credible, lawful warrant, or reasonable suspicion.

11. Plaintiff was fully cooperative and did not pose any threat. Despite this, Baltimore City Police subjected Plaintiff to public humiliation by aggressive arrest and "Perp Walk" at the Maryland District Court in Baltimore City after he appeared at the court building of his own volition for a hearing.

12. Siobhone Smith did make and give false, misleading and retaliatory statements to representatives of the Baltimore City Police Departments which resulted in the issuance of an arrest warrant as requested by Detective Watkins.

13. Detective Watkins did so, without proper investigation, DNA evidence, clothing, blood or fingerprint evidence, chemical analysis, cell phone or GPS tracking evidence, Video, cell phone or mobile device evidence, eyewitness accounts placing the Plaintiff at the scene, the acquisition of any tools used in or during the commission of the alleged crime, timeline collation, surveillance footage, other forensic evidence, medical reports or assessment that would suggest that a crime had even taken place, or much more that the Plaintiff, was involve in said crime, falsely alleged in a statement of probable cause, that Plaintiff did commit a burglary in the 4th degree and a second-degree assault when in fact the Plaintiff had not violated any criminal statute at any time.

14. Plaintiff was held in custody at the Baltimore City Booking and Intake Facility on Baltimore City State's Attorney recommendations to be held without bail, based on Det. Watkin's false, exaggerated, overly embellished charging document.

15. Plaintiff sustained psychological and physical injuries due to prolonged and excessively tight improperly sized handcuffs, lack of medical attention, and subject to cruel and unusual treatment by being offered only two five-ounce cups of water and two slices of bread with jelly during his initial twenty-four hour period, at The Baltimore City Intake and Central Booking Facility.

16. During his inadequate, cursory, and perfunctory investigation, Detective Watkins failed to interview witnesses, review exculpatory evidence, corroborate basic facts, Mirandize the Plaintiff, thereby acting with reckless disregard for the Plaintiff's constitutional rights and his sworn oath of office to up hold, support and defend the U.S. Constitution and faithfully and impartially discharge the duties of a police officer of the Baltimore City Police Department according to the laws of the state of Maryland and the rules and regulations of the department without favor, affection, prejudice or partiality.

17. Upon information and belief, Detective Watkins has a history of similar misconduct, including profiling and investigative negligence, which the BPD and City of Baltimore failed to address. Furthermore, the Defendant[s]' use of deficient policies, training, supervision, and accountability systems contributes to BPD's violations of the Constitution and federal law. The Defendant[s] have been on notice of these deficiencies for years, but have not implemented sufficient reforms to ensure constitutional policing. The Defendant[s] failed to supervise officers effectively or hold them accountable for misconduct, contributing to a

pattern of police actions that violate the Constitution and federal law. BPD fails to adequately train and supervise its officers. This deficiency manifests itself in multiple ways, including a failure to guide officer activity through effective policies and training; a failure to collect and analyze reliable data to supervise officer enforcement activities; and the lack of a meaningful early intervention system to identify officers who engage in misconduct or unconstitutional police practices.

18. The Plaintiff's false arrest and detention, was as a result of the false statements given by Siobhone Smith to Baltimore City Police and the subsequent issuance of an arrest warrant as requested by Detective Watkins, followed by arrest and detention, has resulted in profound intentional reputational harm, emotional distress, physical injury, loss of employment, anxiety and depression, panic attacks, sleep disturbances, public embarrassment, damage to reputation in the community, workplace, and among peers as Detective Watkins took vindictive and retaliatory action to call the Plaintiff's employer and inform them of the false allegations, impending arrest and incarceration. This resulted in loss of standing and credibility, loss of income, future loss of income due to the false allegations, and most importantly, deprivation of liberty.

---

**CLAIMS FOR RELIEF**
**COUNT I – 42 U.S.C. § 1983 – FALSE ARREST & UNLAWFUL DETENTION**
(Against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley Mayor Brandon Scott)

19. Plaintiff realleges and incorporates by reference paragraphs 1 through 18.

20. Defendant Watkins, acting under the color of state law, deprived Plaintiff of his rights under the Fourth and Fourteenth Amendments by detaining, arresting and incarcerating him without reasonable articulable suspicion, thorough investigation, probable cause or legal justification.

21. As a direct result, Plaintiff suffered physical, psychological, financial, reputational, and career injury and damages as described above.

**COUNT II – RACIAL DISCRIMINATION – EQUAL PROTECTION VIOLATION**
(Detective Watkins, City of Baltimore, Police Commissioner Worley, Mayor Brandon Scott)

20. Plaintiff incorporates all prior paragraphs.

21. Defendant Watkins selectively targeted and arrested The Plaintiff without a thorough investigation, gathering of facts, or reasonable articulable suspicion. The actions of Det. Watkins are consistent with long standing Baltimore City policing policies where BPD engages in a pattern or practice of discrimination through its use of enforcement strategies and other practices which are prohibited under Title VI, and have been found to create an unjustified disparity impact based on race and other demographic factors, in violation of the Equal Protection Clause of the Fourteenth Amendment.

**COUNT III – VIOLATION OF DUE PROCESS (Substantive & Procedural)**
(Against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley, Siobhone Smith)

22. Defendant's actions in the fabrication of a narrative to obtain an arrest warrant, withholding exculpatory information, supplemental reports and documents

including, BWC footage of interviews, and conducting a biased, perfunctory and careless investigation which deprived Plaintiff of liberty and fair legal process. The Defendant violated the Plaintiff's Sixth Amendment right by failing to respond to subpoenas to appear in court for examination.

**COUNT IV – CIVIL RIGHTS VIOLATION UNDER § 1983 – PATTERN AND PRACTICE**
(Against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley, Mayor Brandon Scott)

23. Defendants BPD and the City of Baltimore, through deliberate indifference, maintained customs and practices that encouraged misconduct and constitutional violations, including those by Defendant Watkins.

24. These practices include inadequate training, supervision, and discipline of officers, as outlined in the DOJ-mandated Consent Decree, which BPD routinely violates.

**COUNT V – NEGLIGENCE AND NEGLIGENT SUPERVISION**
(Against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley, Mayor Brandon Scott)

25. Defendants BPD and the City of Baltimore owed a duty to train, supervise, and monitor their officers.

26. By failing to supervise and discipline Defendant Watkins despite prior complaints and red flags, they enabled his misconduct and directly contributed to Plaintiff's financial, physical and psychological injuries.

**COUNT VI – VIOLATION OF BALTIMORE CITY CONSENT DECREE**
(Against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley and Mayor Brandon Scott)

27. Plaintiff was harmed by BPD's failure to comply with the federally mandated Consent Decree, which required improved practices in investigations, arrests, and racial bias training.

28. The incident reflects the very abuses the Consent Decree was intended to prevent, including discriminatory policing, excessive use of force, and lack of accountability, lack of transparency, failure to adopt and follow department standard operating procedures without favor, affection, prejudice or partiality.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests this Court to:

A. Award compensatory damages against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley and Mayor Brandon Scott in an amount of Seven Million Dollars ($7,000,000);

B. Award punitive damages against Detective Watkins, BPD, City of Baltimore, Police Commissioner Worley and Mayor Brandon Scott, Siobhone Smith ; 10 million Dollars ($10,000,000)

B. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988;

C. Grant injunctive relief requiring changes in supervision, training, and compliance with the Consent Decree; Order Defendants, their officers, agents, and employees to adopt and implement policies, training, accountability systems, and practices to remedy the constitutional and statutory violations described herein, and to prevent Defendants, their officers, agents, and employees from

depriving persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

D. Grant such other and further relief as the Court deems just and proper.

---

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all triable issues.

Respectfully submitted,
Dated: 7/28/2025

Michael Jones
1831 Gwynns Falls Parkway #1
Baltimore, Maryland 21217
443-909-4601
Mr1rn11@aol.com
*Pro Se Plaintiff*