**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| MICHAEL JONES,<br><br>Plaintiff,<br><br>v.<br><br>DETECTIVE JAMES WATKINS, et al.,<br><br>Defendants. | Civil Action No.: JRR-25-2468 |

**MEMORANDUM OPINION**

Self-represented Plaintiff Michael Jones filed the above-captioned civil rights Complaint pursuant to 42 U.S.C. § 1983, alleging various violations of his constitutional rights related to his arrest by Baltimore City police on May 14, 2025. ECF No. 1 at 4. Defendant Siobhone Smith filed a Motion to Dismiss, to which Jones responded in opposition. ECF Nos. 18, 20. Defendants Detective James Watkins, Baltimore Police Department ("BPD"), City of Baltimore, Commissioner Richard Worley, and Mayor Brandon Scott ("City Defendants") filed a separate Motion to Dismiss. ECF No. 22. Jones filed an opposition response and the City Defendants replied. ECF Nos. 25, 28. Jones filed a Motion to for Leave to File a Surreply, which the City Defendants oppose. ECF Nos. 31, 32. Jones also filed a Motion for Default Judgment, which the City Defendants oppose. ECF Nos. 24, 26.

Upon review of the record, a hearing is not necessary. Local Rule 105.6 (D. Md. 2025). For the reasons stated below, both Motions to Dismiss shall be granted. Jones' Motion for Default Judgment will be denied and his Motion for Leave to File a Surreply will be granted.

## BACKGROUND

Jones alleges violations of his Fourth Amendment rights, racial discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, violations of due process under the Sixth Amendment, negligence and negligent supervision, and "violation of Baltimore City consent decree." ECF No. 1 at 7-8. Specifically, Jones alleges that on May 14, 2025, he was "wrongfully detained, and arrested by Baltimore City Police, at the direction of Detective Watkins without probable cause, credible, lawful warrant, or reasonable suspicion," and that he was subjected to "humiliation by aggressive arrest." *Id*. at 4.

Jones alleges Defendant Siobhone Smith gave "false, misleading, and retaliatory statements to the Baltimore City Police Departments which resulted in the issuance of an arrest warrant as requested by Detective Watkins." *Id*. Jones further alleges that Detective Watkins failed to conduct a "proper investigation," and lists over a dozen investigative techniques that Watkins did not use before "falsely alleg[ing] in a statement of probable cause, that Plaintiff did commit a burglary in the 4th degree and a second-degree assault when in fact the Plaintiff had not violated any criminal statute at any time." *Id*. at 4; *see also id*. at 5 (listing additional ways in which Detective Watkins allegedly failed to adequately investigate). Jones alleges that Detective Watkins has a "history of similar misconduct, including profiling and investigative negligence, which the BPD and City of Baltimore failed to address," and further that Defendants failed to train and supervise officers or maintain sufficient policies and "accountability systems" to "ensure constitutional policing" despite being "on notice of these deficiencies for years." *Id*. at 5. Jones states no facts regarding Watkins' alleged similar misconduct or the alleged failures of the BPD and City of Baltimore.

Jones also alleges that, following his arrest, he was subjected to "prolonged and excessively tight improperly sized handcuffs, lack of medical attention, and subject to cruel and unusual treatment by being offered only two five-ounce cups of water and two slices of bread with jelly during his initial twenty-four hour period, at the Baltimore City Intake and Central Booking Facility." ECF No. 1 at 5. However, the Complaint does not include any indication that Jones intends to pursue claims of unconstitutional conditions of confinement or excessive force.

As set forth above, Defendant Siobhone Smith and the City Defendants filed Motions to Dismiss the Complaint. ECF Nos. 18 and 22. Jones opposes both Motions. ECF Nos. 20 and 25. The City Defendants replied, and Jones filed a Motion for Leave to File Surreply along with his proposed Surreply which the City Defendants oppose. ECF Nos. 28, 31, and 32. No party is entitled to file a surreply absent leave of Court. *See* D. Md. Local R. 105.2(a) (D. Md. 2025). A surreply is most often permitted to allow a party to respond to matters raised for the first time in a reply brief. *See Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D. D.C. 2001). In seeking leave to file his Surreply, Jones argues that the City Defendants raise "new arguments and interpretations" in their reply brief. ECF No. 31. While it is not clear that the City Defendants raise any new matters in their reply, in light of Jones' status as a pro se litigant and the absence of prejudice to the City Defendants, the Motion will be granted and the Surreply considered here.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(6) "tests the sufficiency of the claims pled in a complaint." *Paradise Wire & Cable Defined Benefit Pension Plan v. Weil*, 918 F.3d 312, 317 (4th Cir. 2019). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove

any set of facts in support of his claim entitling him to relief." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999) (*citing Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

To overcome a Rule 12(b)(6) motion, a complaint must allege sufficient facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "A complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).

In evaluating the sufficiency of a plaintiff's claims, "a court 'must accept as true all of the factual allegations contained in the complaint,' and must 'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (alteration in original) (quoting *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011)). However, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement[.]" *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Accordingly, in ruling on a motion brought under Rule 12(b)(6), a court "separat[es] the legal conclusions from the factual allegations, assum[es] the truth of only the factual allegations, and then determin[es] whether those allegations allow the court to reasonably infer that 'the defendant is liable for the

misconduct alleged.'" *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012) (quoting *Iqbal*, 556 U.S. at 1949–50).

*Pro se* complaints are construed liberally and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Dismissal of a pro se complaint . . . for failure to state a valid claim is therefore only appropriate when, after applying this liberal construction, it appears '*beyond doubt* that the plaintiff can prove *no set of facts* in support of his claim which would entitle him to relief.'" *Spencer v. Earley*, 278 F. App'x 254, 259–60 (4th Cir. 2008) (emphasis in original) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)). Notwithstanding this liberal construction requirement, "[p]rinciples requiring generous construction of *pro se* complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Courts neither "conjure up questions never squarely presented to them" nor "construct full blown claims from sentence fragments." *Id.*

## DISCUSSION

### A. Defendant Siobhone Smith

Defendant Siobhone Smith, who also proceeds without counsel, seeks dismissal of the Complaint. ECF No. 18. Smith explains that she was previously in a relationship with Jones, and that she still lived on his property when the alleged events took place. *Id*. As a result of the relationship ending badly, Jones "decided to stop fixing things." *Id*. She further alleges that she has been assaulted by Jones, that he threatened her with a gun, and that his niece broke into her apartment and assaulted her, but she did not press charges because she was afraid. *Id*. She states that she "needs re[lief] from this man," and that she does "not know what he might do next. He does not obey the law." *Id*. at 3. Smith has since moved out of Jones' house. *Id*. For the reasons stated below, claims against Smith will be dismissed for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998); *see Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (same). The "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010). Importantly, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506–507 (2006) (Fed. R. Civ. Proc. 12(b)(1) authorizes lack of subject-matter jurisdiction to be raised by a party or by a court on its own initiative at any stage in the litigation). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). Indeed, a plaintiff's complaint must contain "a short and plain statement of the grounds for the court's jurisdiction." FED R. CIV. P. 8(a)(1). Federal district courts "shall have original jurisdiction of all civil actions," both "arising under the Constitution, laws, or treaties of the United States, *see* 28 U.S.C. § 1331, and "where the matter in controversy exceeds the sum or value of $75,000" and "is between . . . citizens of different States," *see id.* § 1332. The former is referred to as "federal question jurisdiction," and the latter is referred to as "diversity jurisdiction."

Turning first to Jones' pursuit of a federal statutory claim against Smith to evaluate the existence of the Court's federal question subject matter jurisdiction. Essential to sustaining an action under § 1983 is the presence of two elements. Specifically, the plaintiff must demonstrate: (1) he suffered a deprivation of "rights, privileges, or immunities secured by the Constitution and

laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins***,** 487 U.S. 42, 48 (1988).

Jones fails to allege a federal constitutional claim against Smith. In his Complaint, Jones alleges Smith is "an adult African-American resident of Baltimore City, Maryland," who made "false, misleading and retaliatory statements to representatives of the Baltimore City Police Department." ECF No. 1 at 2 and 4. Jones makes no allegation that Smith is a state actor or was acting under color of state law when she allegedly made false statements; and, even liberally construed in Jones' favor, no facts are alleged that could give rise to such a conclusion. In fact, it appears that Smith is a private citizen, resident of Maryland, engaged in a domestic and/or landlord-tenant dispute with Jones. ECF No. 18. Jones' opposition to Smith's Motion does not challenge the substance of Smith's Motion or provide any basis for this Court's jurisdiction over Jones' claims against Smith. ECF No. 20.

In addition, the requirements for invoking diversity jurisdiction over any alleged state law claim are not met. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). On the face of the Complaint, complete diversity does not exist..

For these reasons, the Court lacks subject matter jurisdiction over claims brought against Smith, and the court will dismiss them accordingly.

**A. City Defendants**

The City Defendants argue 1) the Complaint fails to state a claim generally; 2) BPD is not an entity subject to suit; 3) the claims against Detective Watkins, Commissioner Worley, and Mayor Scott in their official capacities are duplicative of those against Baltimore City; 4) the Complaint fails to state § 1983 claims against Detective Watkins or the City of Baltimore; 5) the Complaint fails to state a claim for negligence or negligent supervision; and 6) BPD's Consent Decree does not include a private cause of action. ECF No. 22.

**B. Constitutional Claims**

Jones alleges that Detective Watkins falsely arrested and detained him without probable cause in violation of his rights under the Fourth Amendment.[1] ECF No. 1. The Fourth Amendment guarantees, among other things, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures …." U.S. CONST. amend IV. It is made applicable to the States through the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). The Fourth Circuit has held that "there is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause." *Harrison v. Deane*, 426 Fed. App'x 175, 181 (4th Cir. 2011) (quoting *Street v. Surdyka* 492 F.2d 368, 272-73 (4th Cir. 1974)) (internal quotations omitted).

[1] The Complaint makes direct allegations against only Detective. Watkins. ECF No. 1. Jones makes no specific factual allegations against any of the other City Defendants, apparently relying on either supervisory liability or *Monell* liability. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978) (holding local governmental entities may be liable under § 1983 based on unconstitutional actions of individual defendants where those defendants were executing an official policy or custom of the local government that violated plaintiff's rights.). For a supervisor to be held liable for a subordinate's acts in a § 1983 action, a plaintiff must prove: (1) the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to individuals like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the subordinate's misconduct; and (3) an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)). Because the Court finds the Complaint fails to allege any constitutional violation occurred, the court does not reach the potential liability of the remaining City Defendants.

In order to state a claim under § 1983 for false arrest, Jones must plead facts, which—assumed to be true—support a reasonable conclusion that his arrest was made without probable cause. *Brown v. Gilmore*, 278 F.3d 362, 367 (4th Cir. 2002); *Surdyka*, 492 F.2d at 372-73. Probable cause exists if "at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91 (1964); *accord Santos v. Frederick Cnty. Bd. of Comm'rs*, 725 F.3d 451, 466 (4th Cir. 2013); *see also Smith v. Munday*, 848 F.3d 248, 253 (4th Cir. 2017). A probable cause determination is governed by a totality of the circumstances test. *Illinois v. Garcia*, 848 F.2d 58, 59-60 (4th Cir. 1988). Whether probable cause to arrest exists is based on information the police had at the time of the arrest. *Beck*, 379 U.S. at 91; *Santos*, 725 F.3d at 466; *United States v. Johnson*, 599 F.3d 339, 346 (4th Cir. 2010).

Jones' Complaint, which consists largely of a series of conclusive legal statements and scant allegations of fact, does not provide a sufficient factual basis for his claim that Watkins arrested him without probable cause. Jones alleges Watkins arrested him based on Smith's statements alone without the benefit of any further investigation, and that Smith's statements were false. However, Jones provides no factual basis for either conclusion. He does not provide any details as to what allegedly false statements Smith made or any facts to support his contention that the statements were, in fact, false. He conclusorily alleges Watkins relied solely on Smith's statements without the benefit of any further investigation but offers no details as to the foundation or premise of that conclusion; nor does he allege what information further investigation would have yielded, or what further investigation should have been undertaken, that would reasonably

support a lack of probable cause. Moreover, Jones does not allege that Detective Watkins knew Smith's statements were false.[2]

Even construed liberally, Jones' conclusory allegations are insufficient to state any claim for relief even when the very few facts alleged are presumed true. A court is not required to accept legal conclusions drawn from the facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Comm'w of Va.*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012). After separating Jones' legal conclusions from his sparse fact allegations, there remains nothing to suggest that Watkins arrested Jones without probable cause in violation of his rights under the Fourth Amendment. As such, the claim is dismissed.

Jones' claim of racial discrimination in violation of the Equal Protection Clause likewise fails. The Equal Protection Clause generally requires the government to treat similarly situated people alike. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). To state a claim under the Equal Protection Clause, "a plaintiff must first demonstrate that he has been treated

---

[2] In his opposition, Jones asserts "Watkins submitted or relied upon a knowingly false narrative from Co-Defendant Smith," and that "Co-Defendant Smith, after trial, in fact was convicted of second-degree assault against the Plaintiff, and all criminal charges against the Plaintiff were dismissed, contrary to the false narrative in the perfunctory investigative and charges lodged in the reports of Det. Watkins." ECF No. 25 at 2. These allegations are new; the Complaint includes no allegations that Detective Watkins knew Smith's statement was false. ECF No. 1. A plaintiff may not amend his Complaint via opposition to a dispositive motion. *Mylan Laboratories, Inc. v. Akzo, N. V.,*770 F. Supp. 1053, 1068 (D. Md. 1991) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F.2d 1101, 1107 (7th Cir.1984)), *aff'd,* 2 F.3d 56 (4th Cir. 1993); *see also Zachair Ltd. v. Driggs,* 965 F. Supp. 741, 748 n. 4 (D. Md. 1997) (holding plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint"), *aff'd,* 141 F.3d 1162 (4th Cir. 1998). *Woodbury v. Victory Van Lines*, 286 F.Supp.3d 685, 692 (D. Md. 2017) (explaining it is axiomatic that a plaintiff may not use a brief in opposition to amend the complaint). Further, even had Jones properly alleged in his Complaint that Watkins knew Smith's statement to be false, Jones fails to allege any facts to support that conclusion (*i.e.*, that Watkins was aware of the (alleged) falsity of Smith's statements).

differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). Liberally construed, the Complaint includes no allegations of fact to support a conclusion that Jones was treated differently due to or based on his race, or that Detective Watkins' decision to arrest him was premised on discrimination or an unlawful discriminatory basis. Jones' Equal Protection claim will therefore be dismissed.

Finally, Jones' claim that his Sixth Amendment right to due process was violated because Defendants "fail[ed] to respond to subpoenas to appear in court for examination" fails to state a claim for relief. ECF No. 1 at 7-8. Jones provides nothing more than a conclusory statement; does not allege who failed to respond to subpoenas; does not allege when, where, or if he was harmed by this alleged failure. Further, the Complaint offers no statement as to the basis of this Court's jurisdiction to review state court decisions, as required by FED R. CIV. P. 8(a)(1). The claim will be dismissed.

**C. Negligence and Violation of Consent Decree**

The Court declines to exercise supplemental jurisdiction over Jones' negligence-based claims or claim for violation of the Consent Decree; they will be dismissed without prejudice. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966).

Moreover, the court agrees with Defendants that the Consent Decree does not create a private cause of action or provide Jones with any basis for relief, as he was not a party to the Consent Decree. ECF No. 22-1 at 18; *see also United States v. Police Department of Baltimore*

*City, et al.*, Civil Action No. 17-CV-99-JKB at ECF No. 2-2 (D. Md., Jan. 12, 2017); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 750 (1975) (noting that "a well-settled line of authority from this Court establishes that a consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even though they were intended to be benefited by it" (citations omitted)). In any event, in his Surreply, Jones clarifies that he "does not claim an independent cause of action under the Consent Decree." ECF No. 31-1 at 7. Therefore, to the extent that the Complaint could be construed as seeking direct relief from any violation of the Consent Decree, such claim will be dismissed.[3]

**D. Motion for Default**

Also pending is Jones' Motion for Default Judgment against the City Defendants. ECF No. 24. Filed on October 21, 2025, Jones' Motion contends that the City Defendants were required to file an Answer or otherwise respond to the Complaint by October 20, 2025, and that they failed to do so. *Id*. at 2. Under FED. R. CIV. PROC. 55(a), default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." The City Defendants timely filed their Motion to Dismiss on October 20, 2025; they were never in default. ECF No. 22. As such, Jones' Motion will be denied.

## CONCLUSION

For the foregoing reasons, Defendant Siobhan Smith's Motion to Dismiss and the City Defendants' Motion to Dismiss will be granted, and the Complaint against them dismissed. Jones'

---

[3] As the case is being dismissed due to Jones' failure to state a claim, the Court declines to address the City Defendants' additional arguments.

state law claims will be dismissed without prejudice. Jones' Motion for Default will be denied and his Motion for Leave to File Surreply granted.

A separate Order follows.

/S/

September 10, 2026

______________________________
Julie R. Rubin
United States District Judge